**Theresa Ann TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66037.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 19, 1984.

**618**

James N. Johnson, Tyler, for appellant.

Hunter B. Brush, Dist. Atty. and Dale Paul Summa, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for welfare fraud under Article 695c, Section 34(2), V.A.C.S.,[1] which made it an offense to obtain by fraudulent means assistance from the Welfare Department greater than that to which the individual was entitled. Punishment was assessed by the jury at 6 months probated for one year.

Appellant asserts in her first ground of error that the trial court erred by denying a motion for an instructed verdict. Appellant urges that the statement, made by her and signed on April 10, 1977, and introduced by the State, was not proven false. We construe the ground of error as a challenge to the sufficiency of the evidence.

On April 10, 1977, appellant submitted a form for assistance under the Aid to Families with Dependent Children (AFDC) program. In it she stated she was unemployed. This representation was confirmed in an interview of appellant by a caseworker on April 18. Under the theory submitted in the court's charge to the jury, the State was required to prove appellant "falsely stated or represented to the Texas State Department of Public Welfare that she was unemployed when in truth and in fact [she] was employed." There is no doubt that appellant made representations that she was unemployed and that she received benefits based on those representa-

tions. The issue on appeal is whether she was "in truth and in fact" employed when she made those representations.

The State in its brief relies on evidence that appellant was working in *May*, the month *after* she made representations that she was unemployed. That evidence does not prove she was working in April, and therefore could not prove her representation that she was unemployed was false when made in April.

We find only one reference in the record to employment in April. A.R. Barron, one of the two rose growers who testified about employing appellant during May, gave the following testimony:

"Q. Mr. Barron, how were these people employed or how were they paid, were they paid by the week, by the month?

"A. Paid them by the thousand or how many roses they budded.

"Q. Did you pay them daily?

"A. No, at the end of each week, ordinarily.

"Q. Okay. In May of 1977, did you have occasion to employ one, Theresa Ann Taylor?

"A. I did.

\* \* \* \* \* \*

"Q. Did you have an occasion to employ Miss Taylor to do contract work in your rose fields during the month of May, 1977?

"A. Yes, sir.

"Q. Was she paid for this work?

"A. Yes, sir.

"Q. Could you tell the jury the date and the amount she was paid?

\* \* \* \* \* \*

"A. In May the 19th, I paid her $42.55.

"Q. Thank you. And the next.

"A. In April the 14th, $10.00.

"Q. Was that the only payment during May?

"A. Yes, sir.

1. This statute was repealed by Acts 1977, 65th    Leg., p. 637, ch. 235, § 1, effective May 25, 1977.

"Q. Could I see that check, Mr. Barron?

"MR. SABEN: Could I have that marked as State's Exhibit No. 2?

(REPORTER'S NOTE: Document was marked for identification as State's Exhibit No. 2 at request of counsel.)

"A. I will show you what has been noted as State's Exhibit No. 2, is that the check that was paid to Miss Taylor for that work in the month of May, 1977?

"A. Yes."

There are two reasons why we are unable to find that this single reference to an April check is sufficient evidence to sustain appellant's conviction.

First, although the witness did state the day of the month on the check, the year was not stated, and this was the only check of the seven referred to by the two employer witnesses that was not introduced as an exhibit. From the context it could well be that the April check was issued in April of 1978, or even 1979 (trial was in August of 1979), instead of 1977. The record simply does not show. We cannot imagine why the April check was not introduced if it in fact was issued the same April. At trial the State appears to have had no interest in proving up the April check.

A second reason we find the testimony about the April check insufficient to support the conviction is reflected in the examination of Barron on voir dire by defense counsel immediately following the testimony quoted above:

"Q. Mr. Barron, it's a standard practice of yours and your wife's is it not, to occasionally loan money to people who you have working for you, isn't it?

"A. A little bit, maybe, not much.

"Q. Right. But you do occasionally loan money to your workers?

"A. Yes.

"Q. All right. When you do that, you need to make a record and do make a record in your business records, do you not?

"A. That's right.

"Q. All right. You don't, however, put those down as loans, do you? You put them down as labor and later when the people do work for you and you take it out of their pay checks, there is nothing improper about that. It just indicates labor when it's not necessarily labor; it may be a loan at that time, isn't that correct?

"A. I believe so."

It would be speculation to assume the April check was for work done by appellant. Since the check is not in evidence, we may not examine any notation on the check (such as "forking cuttings," "hoeing roses" or "labor," as appear on the May checks in the record). Furthermore, Barron admitted that loans are sometimes made by a check indicating labor. So even if the April check were in evidence and recited "labor," it would be speculation to conclude from the check alone that appellant was employed at that time.

We find the evidence is insufficient to prove appellant falsely represented that she was unemployed when she in fact was employed.

The judgment is reversed and the cause remanded for entry of a judgment of acquittal.

W.C. DAVIS, McCORMICK and CAMPBELL, JJ., dissent.